STATE OF MAINE                          BUSINESS & CONSUMER DOCKET
CUMBERLAND, ss.                         LOCATION: PORTLAND
                                        DOCKET NO.: BCD-CV-2020-00033


·PETER AMES SMITH,                  )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   ORDER DENYING PLAINTIFF'S
                                    )   MOTION FOR LEAVE TO FILE
BRIAN MOZELESKI, et al.,            )   AMENDED COMPLAINT
                                    )
            Defendant and PII.      )


This case has been pending for nearly three years, and it has not gotten better with age. It commenced on June 15, 2020, with a simple two count Complaint seeking dissolution and inspection of records. The parties started off optimistically, asking for early mediation and a Judicial Settlement Conference before litigating in earnest. Early efforts at dispute resolution, however, did not have the desired effect. On March 1, 2021, the Court issued a Scheduling Order. Since then discovery has been extended three times, and the case rolls on.

As established in the Scheduling Order, the deadline for amending the pleadings was August 2, 2021. Notwithstanding the historicity of that date, on March 24, 2023, Plaintiff filed a Motion for Leave to File Amended Complaint (the "Motion"). As Exhibit A to the Motion, Plaintiff attached his proffered Amended Complaint. The Amended Complaint adds two new counts, for breach of fiduciary duty and unjust enrichment, and doubles the length of the original Complaint. The Amended Complaint would constitute a major expansion of the litigation, coming

1

nearly three years after its modest origins. The Motion is significantly untimely, deviates from the Scheduling Order, and is denied for that reason. *See* M.R. Civ. P. 132(b).

Plaintiff defends the tardiness of his Motion by asserting that certain information only recently became known through the course of depositions, and Plaintiff could not have sought amendment sooner. The Court is not persuaded. An inspection of the original Complaint reveals that facts sufficient to assert claims for breach of fiduciary duty and unjust enrichment were alleged in June 2020, and include many of the details now alleged in the Amended Complaint. *Compare* Pl.'s Compl. ¶¶ 11-19 *with* Pl.'s Am. Compl. ¶¶ 44-60 of the Amended Complaint. Under the circumstances, including undue delay, justice does not require leave being freely given to amend. *See* M.R. Civ. P. 15(a). Defendant and the party-in-interest argue they would be prejudiced by, *inter alia,* the staleness of evidence that accrues after the passage of years. The Court agrees, and for these additional reasons denies the Motion.

So Ordered.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Date: 4-25-2023

_____
Michael A. Duddy
Judge, Business and Consumer Docket

Entered on the docket: 04/26/2023

2